UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GLENN VERSER,
   Plaintiff,

vs.               No. 05-1067

MAJOR RAINS, et.al.,
   Defendants

## CASE MANAGEMENT ORDER #4

IT IS HEREBY ORDERED:

1) The following motions by the plaintiff are denied:

d/e 84 (Motion to Compel):  The plaintiff seeks answers to whether certain of the defendants have shared vacations together, and to describe their personal relationships with each other.  He says he is trying to show their allegiance to each other, to support his retaliation claim.  The court agrees with the defendants that their personal lives are not relevant to the plaintiff's retaliation claim.  The fact that these defendants work together already shows they had an opportunity to conspire against him if that is what they did.  Their relationships outside the prison, if any, adds nothing to the claim.

d/e 86 (Motion to Compel): The defendants have filed a notice of compliance that they answered the discovery requests, thus mooting this motion.

d/e 91 (Motion to Compel): The court has reviewed the defendants' answers to the plaintiff's interrogatories (53, 54, 55, 56, 57, 58, 65, 66, 67, 69, 71, 74, 109, 113, 114, 120) and finds their answers responsive.  The court cannot order the defendants to give the answers the plaintiff wants.

d/e 94 (Motion to Compel): mooted by the defendants' compliance (d/e 101).

d/e (95) (Motion to Compel): The medical arts defendants do not have possession of these documents.  The plaintiff does not assert he is unable to obtain these documents from the IDOC.

d/e 98 (Motion for Appointment of Medical Expert):   The plaintiff has not shown that a court-appointed expert is needed in this case to assist in aiding the trier of fact.  On the present record, the plaintiff's medical condition (knee problem) does not appear so serious or complex that appointment of a medical expert is warranted under Fed. R. Civ. P. 706(a).

d/e 104 (Motion for Sanctions): The court sees nothing sanctionable in defendants' conduct.

d/e 105 (Motion to Compel Answers to Third Set of Interrogatories): The court agrees with the defendants that these additional interrogatories exceed the number allowed under the Federal Rules, are overly burdensome, and many are irrelevant and inappropriate (i.e., "Did the plaintiff ever tell you he found you extremely attractive"; "Did the plaintiff ever flirt with you?").   The plaintiff's vague assertions that all these additional interrogatories are important to his claims is insufficient.

      d/e 108 (Motion for Order to Exceed 25 Interrogatories) and d/e 109 (Motion for Order to Substitute): The plaintiff has already exceeded the 25 question limit with his prior interrogatories and does not sufficiently explain why more are necessary.

      d/e 110 (Motion to Stay): The plaintiff says that he is in confinement for no reason at all and is unable to respond to any pending motions.  He also says he is not able to send the defendants a copy of this motion.  He asks that these proceedings be stayed until it is determined why he is in confinement.  The motion is denied; determining the cause of the plaintiff's confinement will not help the progression of this case.  However, the plaintiff may file a motion for access to the documents and supplies he needs to prosecute this case, if he is being denied such access.

      2) The motion to extend time to respond by defendants Brown et al. is denied as moot (d/e 111).

Entered this ___27th_____ Day of ____September_____, 2005.

                                                                **s/Harold A. Baker**

                                                                HAROLD A. BAKER
                                                 UNITED STATES DISTRICT JUDGE