UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GLENN VERSER,
    Plaintiff,

vs.                      No. 05-1067

MAJOR RAINS, et.al.,
    Defendants

## CASE MANAGEMENT ORDER #5

IT IS HEREBY ORDERED:

1) The following motions are DENIED:

Motion for Extension of Time to Complete Discovery (d/e 118). This motion is denied because the plaintiff sought extension of discovery primarily because of his expected amendment, which is denied below. The plaintiff gives no reason why discovery should be extended as to the original defendants and claims.

Motion for Order (d/e 119). The plaintiff asks this court to direct defendant Hazelwood to explain allegedly contradictory answers to interrogatories. The court does not order the parties to explain contradictory testimony: if those answers do contradict each other, the plaintiff can point that out on summary judgment or trial, if necessary. The trier of fact then determines whether the contradiction is material, and, if there is a material dispute, the jury determines which version to believe.

Motion to Compel Production of Documents (d/e 120). The plaintiff attaches his document requests and the defendants answers, but the court does not understand how the defendants have failed to comply with his requests. Their responses appear to be responsive, and the plaintiff's assertion that his requests remain unanswered is too vague for the court determine what the plaintiff believes is missing. The defendants say they have produced a mail file for his outgoing and incoming mail for the time period requested. The plaintiff, however, appears to ask for his outgoing legal mail to prove the defendants retaliated against him "through legal mail procedure" (d/e 120, p.2). He does not explain how the information provided by the defendants is inadequate. Further, the retaliatory incidents involved in the Complaint deal with jobs, prison discipline and grievances, not legal mail.

Second Motion to Compel (d/e 121). As with the first motion, the attachments to this motion show that the defendants answered the requests. The court cannot compel the defendants to change their answers because the plaintiff does not believe those answers are truthful. If the plaintiff has evidence that the answers are incomplete or untruthful, he may submit that evidence at summary judgment.

Motions to file an amended complaint (d/e 125, 140). Motion 125 is denied because, although the plaintiff alleges continuing retaliation, he seeks to add new defendants and incidents that occurred at a different prison after he filed his complaint. The court agrees with the defendants that the supplemental allegations are factually unrelated to his original complaint, and the ten new defendants do not appear to have any connection to the matters raised in his original complaint. To allow a supplement or amended pleading (under either Rule 15(a) or 15(d)) at this stage simply because the plaintiff classifies the new adverse actions as continuing retaliation would open the door to infinite amendments. Allowing the plaintiff's amendment would only unduly and unnecessarily delay the progression of this case and cause undue prejudice to the existing defendants. Motion 140 seeks to file the amended

complaint (108 pages long) that is referred to in motion 125, and is therefore denied as moot.

Plaintiff's Motion for Protective Order (d/e 130) and Motion for Order to Attach Document to Motion 130 (d/e 142). The plaintiff asks for his deposition to be stayed because he cannot access important materials–6,000 pages of legal documents (d/e 142, exhibit). The motion is denied because the plaintiff has not explained what documents he needs to have with him at the deposition and why. The plaintiff can always respond to any question, "I don't know because I don't have the documents I need for reference."

Plaintiff's Motion to Appoint Counsel (d/e 134). The question is whether, "'given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes,* 64 F.3d at 288 (7th Cir.1995), quoting *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell*, 129 F.3d at 936. Here, the plaintiff's submissions show that he is competent to try his own case. The case does not appear complex: the plaintiff can testify personally to what happened to him and to the problems he experienced, and it appears he has successfully garnered many responses to his discovery requests. Lastly, the plaintiff has not shown that his case has sufficient *factual* merit that appointed counsel would make a difference in the outcome.

Motion for Order for Free Deposition (d/e 141). The defendants are not required to provide the plaintiff with a copy of his deposition free of cost. Access to the courts does not mean subsidized access. However, if the defendants seek to rely on the plaintiff's deposition at summary judgment, they must attach the entire deposition. The plaintiff will have a complete copy at that point for purposes of opposing summary judgment. The same goes for the medical records during the relevant time frame.

Motion for free copies of amended complaint (143). Denied as moot because the amended complaint is not allowed.


2) The following motions are GRANTED:

Motion to Substitute Attorney (d/e 117)

Motions to Strike Amended Complaint (d/e 137, 138). The plaintiff filed an Amended Complaint (d/e 135) that is 108 pages long. The plaintiff's motion to file this were denied above, effectively mooting these motions to strike. For clarity of record, however, the courts grants the motions. The Amended Complaint (d/e 135) is ordered stricken.

Motions to Extend/Stay Dispositive Motion Deadline (d/e's 139, 144). The new dispositive motion deadline is 30 days from the date below.

Entered this 24th Day of January, 2006.


                                                   s\Harold A. Baker
                                                  HAROLD A. BAKER
                                             UNITED STATES DISTRICT JUDGE